UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------------X
TITUS HENRY,

                Plaintiff

                              Civil Action Docket No. 20 Civ.
     v.

                                   JURY TRIAL REQUESTED

NORFOLK SOUTHERN RAILWAY,

                Defendant
---------------------------------------------------------------X

## COMPLAINT

Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the Defendant and alleges:

## THE PARTIES

1.     The plaintiff is a resident of the State of New Jersey, County of Essex, and City of East Orange.

2.     The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States, with a usual place of business in New Jersey.

3.     Prior to August 19, 2019, and at all times hereinafter mentioned, the defendant employed the plaintiff as a trackman under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

4.     Prior to August 19, 2019 and at all times hereinafter mentioned, the defendant maintained, operated and controlled the Croxton Yard in Jersey City, New Jersey which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

5.     During all times herein mentioned, the defendant was and is engaged in interstate commerce by providing railroad transportation among multiple states.

## JURISDICTION AND VENUE

6. The plaintiff brings the First Cause of Action against the defendant for violations of the Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA).

7. This Court has subject matter jurisdiction in this case pursuant to 45 U.S.C. §56.

8. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because defendant resides in this District and/or because defendant does business in this District.

## FACTS

9. On August 19, 2019 Mr. Henry was working in Croxton Yard, Jersey City, NJ. The work involved installing a crossing.

10. As a result of inadequate manpower, plaintiff was directed by defendant to perform the work that had previously been performed by four employees.

11. The work involved required using a heavy Hammer to pound materials with blunt force for several hours on end.

12. On 8/20/19 plaintiff went to his personal primary doctor, where he was diagnosed with tendinosis from blunt force overuse.

13. Defendant's conduct, more specifically set forth below, caused, in whole or in part, the plaintiff to suffer various physical, psychological and/or economic harms.

## COUNT I
### Violation of FELA

14. The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

15. This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

16. On or about August 19, 2019, while the plaintiff, an employee of the defendant, was in the performance of his duties as a trackman at the Croxton Yard, Jersey City, New Jersey, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff in failing to provide plaintiff with:

    a. a reasonably safe place to work;

    b. in failing to warn plaintiff;

    c. in failing to maintain its equipment provided to plaintiff to perform the tasks assigned,

    d. in failing to inspect its equipment provided to plaintiff to perform the tasks assigned;

    e. in failing to provide adequate manpower;

    f. in failing to provide proper equipment;

    g. in employing unreasonably unsafe procedures;

    h. in failing to maintain plaintiff's work place;

    i. and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, including but not limited to his hands.

17. The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

18. The plaintiff was damaged thereby in a sum in excess of $100,000.00.

WHEREFORE, plaintiff demands judgment against the defendant on Count I in a sum in excess of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS; and, plaintiff demands judgment against the

defendant on Count II in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS together with the costs and disbursements of this action.

                                                Respectfully submitted

By: _____
MARC WIETZKE
FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com